IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENDALL SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-23-3262 |
| U.S. JUDGE PAULA XINIS, *et al.*, | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM AND ORDER

Plaintiff Kendall Smith filed a Complaint against Judge Paula Xinis, the State of Maryland, and the United States Government. (ECF No. 1.) The Court previously reviewed the Complaint and concluded that dismissal is likely appropriate because it appears to be frivolous and barred by judicial immunity. (ECF No. 6.) The Court issued a Show Cause Order, directing Smith to show cause why the Complaint should not be dismissed by April 17, 2024. (*Id.*) Smith was forewarned that a failure to show cause would result in the dismissal of his Complaint. (*Id.*)

On April 17, 2024, Smith filed both a response to the Court's Order and a notice of interlocutory appeal. (ECF Nos. 7, 8.) The Fourth Circuit dismissed the appeal for lack of jurisdiction, given that Smith was attempting to appeal an order that was "neither a final order nor an appealable interlocutory or collateral order." (ECF No. 14.) The Fourth Circuit's mandate issued on January 13, 2025, and this Court now resumes jurisdiction over this case.

The Court has reviewed the filing Smith docketed in response to the Court's Show Cause Order. (ECF No. 8.) It does not provide the Court with any reason why this case should not be dismissed, and does not address the concerns the Court raised in the Show Cause Order, namely that the Complaint is frivolous and the claims barred by immunity. As the Fourth Circuit has

explained, "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). Further, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). The Court has provided Smith with such opportunity, and concludes that the case must be dismissed.

Accordingly, it is ORDERED that:

1. Smith's Complaint is DISMISSED;

2. The Clerk is DIRECTED to CLOSE this case; and

3. The Clerk is DIRECTED to mail a copy of this Order to Smith.

DATED this __14__ day of January, 2025.

BY THE COURT:

_____
James K. Bredar
Chief Judge